## WHITNEY v BISHOP et

Ohio Appeals, 9th Dist, Lorain Co.

No. 903. Decided Nov. 28, 1938

144

L. D. Hamlin, Elyria, for appellee.
R. F. Vandemark, Elyria, for appellants.

## OPINION

By WASHBURN, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court, a jury having been waived and the cause submitted to the court. A judgment was rendered in favor of William Whitney, appellee, who was plaintiff in the trial court and will here be referred to as such. The appellants will be referred to as defendants, as they were in the trial court.

Plaintiff sued the defendants to recover *compensation for services rendered* defendants in reference to the sale of a house and lot belonging to the defendants. Plaintiff alleged that said services were rendered by him as a real estate "broker".

The defendants, in their answer, admitted that they signed an agreement authorizing the plaintiff to sell certain real estate belonging to them, and agreed to pay a commission if the plaintiff sold said real estate, but denied that he did sell said real estate.

Upon trial, plaintiff testified that he was a real estate "broker", and there was no other evidence offered by either party bearing upon the question of whether or not the plaintiff was licensed under the laws of Ohio, enacted by the legislature in 1925, regulating the real estate business (§§6373-25 to 6373-51, GC).

At the conclusion of plaintiff's evidence, the defendants moved the court "to render judgment for the defendants," and that motion was renewed at the close of all the evidence, but at no time during the trial or the hearing of the motion for new trial was the court's attention called in any manner whatsoever to the subject as to whether or not plaintiff was licensed to transact such business, or had failed to allege that he was so licensed.

The solution of the principal question involved in this case depends largely upon the construction to be given to the act of the legislature, hereinbefore referred to, providing for the regulation by license of real estate brokers, and particularly section 24 of said act (§6373-48, GC).

That act was designed to protect the public from the acts and conduct of some of the persons then generally known as real estate dealers.

To accomplish the desired result, a real estate board was created and authorized to license such dealers, and exercise some regulatory and disciplinary powers over them by way of suspending, revoking, or refusing licenses; the act also required each licensee to give bond for the protection of the public.

For the purpose of limiting the act to certain classes of what at that time was commonly known as real estate dealers, the act denominated one who was required to be licensed as a "real estate broker", and defined that term as used in the act and prohibited those falling within said description from engaging in the real estate business without first being licensed so to do.

While technically an agent to sell real estate is a "broker", that term has generally been used as to agents selling commodities, and, until said act was passed, agents selling real estate

were commonly and generally known in Ohio as real estate dealers. Thus. by said act, a class theretofore generally known as real estate "dealers" became known as real estate "brokers".

The act required a broker thus described to have a definite place of business at a stipulated location, and to display his license in said place of business. To further protect the public, the act provided that a person who was not a broker should not have a right of action for the collection of compensation for his services, and that a person who was a broker—that is, one licensed under said act—should, in order to recover for his services, allege and prove that he was such broker.

That is the construction which we place upon §6373-48, GC, which is section 24 of said act, upon a consideration of the whole act, the evils to be remedied, and the means adopted to accomplish the results desired. That section reads as follows:

"No right of action shall accrue to any person, firm or corporation for the collection of compensation for the performance of the acts mentioned in section 1 of this act without alleging and proving that such person, firm or corporation was duly licensed as a real estate broker * * * at the time the cause of action arose."

According to our construction, it follows, therefore, that where a plaintiff alleges in his petition that he is a real estate "broker", and there is no motion to make more definite and certain, and where the question of whether or not he is licensed under said act is not specifically raised during the trial, and the attention of the trial court is not called to the matter, and where the question is raised for the first time in a reviewing court, a liberal construction of the pleading should be applied and such plaintiff should be considered as having alleged that he was licensed to do business under said act.

In the case of **Hadfield-Penfield Steel Co. v Sheller, 108 Oh St 106,** at p. 111, it is observed in the opinion of the court that:

"We have no means of knowing what arguments were made in support of the motion for new trial, or whether the common pleas court, upon disposition of that motion, gave consideration to this particular question, but so far as the record discloses there is nothing to indicate that this objection was specifically made at any time prior to the argument of the error proceedings in the Court of Appeals. * * *

"The later decisions of this Court uniformly hold that pleadings should be given a construction most favorable to the pleader. This is true at and before trial and the rule has added force in an appellate court upon review where evidence has been received without objection at the trial."

"2. Although it has been held in this state that if the petition is defective in that it does not state a cause of action, the objection may be raised at any time in any court in which the case may be pending, and if the petition is found so clearly defective that no cause of action is stated in it, it is proper for a reviewing court to take that matter into consideration, yet where the objection to the sufficiency of the petition is raised for the first time in a reviewing court, that court should extend to the pleading a liberal construction and should not render any aid in support of the objection beyond what it is compelled to."

Toomey v Avery Stamping Co., 11 C. D. 216.

Under the circumstances disclosed by this record, "every reasonable presumption and fair constructive intendment will be made to sustain the pleading after verdict" and judgment.

**Nott and Belden v Johnson, 7 Oh St 270.**

Moreover, there is a striking similarity between the provisions of the act in question and the provisions of the act

in reference to suits by partnerships (§§8099 to 8105, GC). By that act, partnerships transacting business under a fictitious name not showing the names of the persons interested as partners therein, are required to file with the clerk of the Common Pleas Court a certificate showing the names in full of all the members of the partnership and their places of residence. And in that act it is also provided that partnerships transacting business in the state under a fictitious name and not complying with said requirement as to certificate "shall not commence or maintain an action on or on account of any contracts made, or transactions had in their partnership name in any court of this state, until they first file the certificate therein required."

That act may be construed as providing that no cause of action shall accrue until there has been a compliance with said act, and the act now under consideration relating to real estate dealers provides that "No right of action shall accrue * * * without alleging and proving" compliance with the real estate act in reference to license. (Emphasis ours).

While the two acts are very similar as to objects to be accomplished and the means of accomplishing them, they differ in this respect: that under the partnership act it is specifically provided that the failure of compliance may be remedied by compliance after the transactions giving rise to the cause of action have occurred, while no such specific provision is contained in the real estate act.

Our Supreme Court in **Walsh v Thomas' Sons, 91 Oh St 210,** determined that noncompliance with the partnership act was a "defensive matter."

While the absence from the real estate act of a similar provision as to remedying the effect of noncompliance prevents us from holding that noncompliance under the real estate act is a "defensive matter". the construction of the partnership act by the Supreme Court is a supporting reason for the application of a very liberal rule of construction of the petition after verdict and judgment, where the question has been raised for the first time in argument in the reviewing court, which we have applied in the instant case.

And likewise for the further holding that where, under the circumstances mentioned, the plaintiff at the trial testifies that he is a real estate "broker", where he is not cross-examined upon that subject, and where no evidence is offered by the defendant as to whether or not the plaintiff is so licensed; where the case is submitted to the trial court without a jury and the trial court's attention is not called to that subject either in the submission of the case or the motion for a new trial; and where the motion for a new trial does not mention the subject or raise the question otherwise than by the claim that the court committed error by not rendering judgment for the defendant, the finding of the trial court that the plaintiff was licensed under said act at the time the cause of action arose is not manifestly against the weight of the evidence.

And, futhermore, under such circumstances, a reviewing court should hold that it was not prejudicial error for the trial court to refuse either to render judgment for the defendant or to refuse the defendant's motion for a new trial on the ground, raised for the first time in the reviewing court, that the plaintiff did not allege or offer evidence tending to prove that he was licensed under said act.

No claim is made that the plaintiff was not, as a matter of fact, licensed under said act, but only that he did not allege and prove that fact; and such claim is made for the first time in the reviewing court.

In addition to the matters heretofore considered, it is assigned and argued that there was error in the rulings of the trial court on the admission and rejection of evidence, and that the finding and judgment of the trial court is manifestly against the weight of the evidence.

We have read and considered the record, and we find no prejudicial error in the rulings of the court upon the admission and rejection of evidence, and we further find that the record does not justify our finding that the judgment is manifestly against the weight of the evidence.

Judgment affirmed.

STEVENS, PJ. & DOYLE, J., concur.